

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

## No. 08-25-00026-CR

---

Curtis Lee Meeks, Jr., Appellant

v.

The State of Texas, Appellee

---

**On Appeal from the 26th District Court**
**Williamson County, Texas**
**Trial Court No. 20-1902-K26**

---

## MEMORANDUM OPINION[1]

Pursuant to a plea bargain agreement, Appellant Curtis Lee Meeks, Jr., pleaded guilty to a state jail felony offense of forgery of a financial instrument. Tex. Penal Code Ann. § 32.21(d). After a sentencing hearing, the trial court assessed punishment at two years' confinement. Attempting to appeal his judgment of conviction, Meeks contends his guilty plea was not

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code Ann. § 73.001. We follow the precedent of the Third Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

knowingly and voluntarily made due to ineffective assistance of counsel. Because the trial court limited Meeks's right to appeal to issues pertaining to sentencing only, we dismiss the appeal based on lack of jurisdiction. *See* Tex. R. App. P. 25.2(a)(2).

## I. BACKGROUND

On the morning of trial, Meeks pleaded guilty to a state jail felony offense of forgery.[2] In connection with his plea, Meeks signed a document titled, "Admonitions to the Defendant for Plea to Court," in which the trial court advised him that the range of punishment for a state jail felony included confinement in a state jail for 180 days to two years and a maximum fine of $10,000. Meeks also signed, along with his defense counsel, a "Waivers, Consent, Judicial Confession & Plea Agreement," wherein he judicially confessed to committing the offense of forgery financial instrument, as charged by the charging instrument. The judicial confession also confirmed the State had not agreed to a recommendation, that is, that he understood he made an open plea to the court. That same document stated that "I (the Defendant) understand the admonitions from the Court on State's Exhibit No. 1 [i.e., admonishments as to punishment] and am aware of the consequences of my plea. In addition, my attorney has explained the admonitions to me." The State also signed the document, consenting and approving of the terms.

During his plea hearing, Meeks confirmed to the judge that he had reviewed the plea documents with his attorneys and that he had signed them. He also verified that he pleaded guilty to the charge freely and voluntarily and of his own free will. He confirmed he had had sufficient time to talk about the case with his lawyers. The trial court reiterated the range of punishment for Meeks, and he stated he understood that his range of punishment was 180 days up to two years' confinement and up to a $10,000 fine. Defense counsel also confirmed with him on the record that

---

[2] The record on appeal also contains Meeks's written waiver of his jury trial right.

they had reviewed his case over the weekend; they talked about the elements of the offense and charge, including the range of punishment; and they discussed trial and proceeding with trial. The trial court then found Meeks competent and that he had entered his plea of guilty freely and voluntarily.

The trial court signed a judgment of conviction finding that Meeks waived his jury trial right, that he was mentally competent, that he entered his plea freely and voluntarily, and that he was aware of the consequences of his plea. The judgment convicted him of the offense of forgery of a financial instrument. It confirmed that no agreed recommendation had been made a part of the terms of the plea bargain, that it was an open plea, and that the trial court had sentenced him to two years' confinement in a state jail.

On October 28, 2024, the trial court signed a certification of Meeks's right of appeal. The trial court certified that his case "is a plea-bargain case, but the trial court has given permission to appeal as to sentencing only, and the defendant has the right of appeal as to sentencing only." Meeks and his counsel also signed the certification on the same day.

## II. JURISDICTION

### A. Meeks's position on his right to appeal

Meeks contends his guilty plea was "not knowingly and voluntarily made, due to ineffective assistance of counsel." He argues his trial counsel misled him "with a false promise of probation, inducing the plea." Still, he admits the alleged promise is not reflected in the record. As a result, he acknowledges that this Court "cannot fully evaluate the claim on direct appeal." Thus, he asks that we either abate his appeal and remand the case for a hearing on a motion for new trial[3]

---

[3] Meeks filed a motion for new trial asserting he had been deprived of effective assistance of counsel. He requested a hearing but he did not attach an affidavit to his motion. By written order, the trial court denied Meeks's motion and denied his request for a hearing.

or dismiss the appeal without prejudice to permit Meeks to seek relief through an application for a writ of habeas corpus.

## B. Analysis

The Texas Rules of Appellate Procedure require that a trial court enter its certification of a defendant's right of appeal each time it enters a judgment of guilt or other appealable order. Tex. R. App. P. 25.2(a)(2). In a plea-bargain case, a defendant may appeal only those matters that have been raised by a written motion and ruled on before trial or after getting the trial court's permission to appeal. Tex. R. App. P. 25.2(a)(2)(A), (B); *see Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (en banc) (stating that while an intermediate appeals court has jurisdiction to ascertain if an appellant who pleads guilty is permitted to appeal under Rule 25.2(a)(2), a court on appeal must dismiss a prohibited appeal without further action, regardless of the basis for the appeal). An appeal must be dismissed if a certification showing that the defendant has the right to appeal was not made part of the record. *See* Tex. R. App. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005).

In this case, the certification provides a limited right to appeal, stating that the trial court has only given permission to appeal "as to sentencing only." "We cannot expand the trial court's consent to . . . [a] right to appeal beyond what is stated in the certification." *Vasquez v. State*, 695 S.W.3d 556, 559 (Tex. App—Houston [1st Dist.] 2023, pet. ref'd) (holding that there was no jurisdiction over the appeal when the certification stated that the defendant had a right to "appeal sentencing only"). Meeks thus has a right to appeal as to "sentencing only." *See id*.

Moreover, the Court of Criminal Appeals "instructs that rule 25.2(b) does not permit a plea-bargaining defendant to appeal matters related to the voluntariness of the plea bargain—unless the defendant has obtained the trial court's permission to appeal." *Fierro v. State*, No. 08-21-00005-

CR, 2021 WL 5002424, at *2 (Tex. App.—El Paso Oct. 28, 2021, no pet.) (mem. op., not designated for publication) (citing *Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001)). As the Court of Criminal Appeals has noted, claims of involuntary pleas are better brought by a motion for new trial or by seeking habeas relief because the claim brought in those contexts can be "supported by information from sources broader than the appellate record." *Cooper*, 45 S.W.3d at 82; *see also Allen v. State*, No. 01-08-00786-CR, 2010 WL 184204, at *2 (Tex. App.—Houston [1st Dist.] Jan. 21, 2010, no pet.) (mem. op., not designated for publication) (dismissing an appeal when trial court's certification showed there was no right to appeal but noting that "appellant may still submit his ineffective assistance of counsel claims for review on the merits in an application for writ of habeas corpus") (citing *Bone v. State*, 77 S.W.3d 828, 837 n.30 (Tex. Crim. App. 2002); *Thompson v. State*, 9 S.W.3d 808, 814–15 (Tex. Crim. App. 1999)).

Here, Meeks contends that he involuntarily pleaded guilty based on an alleged promise of probation made to him by his counsel. Nonetheless, as the record demonstrates, he was admonished by the trial court that the range of punishment included confinement in a state jail for a minimum of 180 days and maximum of two years, and he was assessed a punishment within this range. Consequently, because Meeks did not assert on appeal that his punishment exceeded the State's recommendation or the terms of his plea agreement, we lack jurisdiction to consider his appeal. *See Vasquez*, 695 S.W.3d at 560 ("[Defendant] was granted a limited right to appeal sentencing issues, and his valid waiver of appeal prevented him from appealing any other issue."); *see also Hopfenspirger v. State*, No. 06-23-00029-CR, 2023 WL 5541123, at *2 (Tex. App.—Texarkana Aug. 29, 2023, pet. ref'd) (mem. op., not designated for publication) (holding there was no jurisdiction to consider the appeal because none of the issues asserted on appeal fell within the limited right of appeal); *Holloway v. State*, No. 06-22-00076-CR, 2022 WL 16907335, at *1

(Tex. App.—Texarkana Nov. 14, 2022, no pet.) (mem. op., not designated for publication) (ruling that since the defendant's plea agreement limited his right to appeal to sentencing only, he did not have the trial court's permission to raise issues related to guilt or innocence).[4]

### III. CONCLUSION

We dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 25.2(d).

GINA M. PALAFOX, Justice

January 7, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

---

[4] In addition, there is nothing in the record that Meeks is seeking to appeal any pretrial motions ruled on by the trial court. *See Tedford v. State*, No. 08-21-00003-CR, 2021 WL 717603, at *1 (Tex. App.—El Paso Feb. 24, 2021, no pet.) (mem. op., not designated for publication).